# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| FILISIA JACKSON, | ) |
| | ) |
| Plaintiff, | ) CIVIL ACTION FILE NO.: |
| | ) 1:23-cv-01467-TWT |
| | ) |
| vs. | ) |
| | ) |
| PUBLIX SUPERMARKETS, INC. | ) Removed from DeKalb Co. |
| | ) |
| | ) |
| | ) CIVIL ACTION |
| | ) FILE NO.:  23A00606 |
| | ) |
| Defendant. | ) |

## PROPOSED TREATING EXPERT DISCLOSURES PURSUANT TO FED. R. CIV. P. 26(a)(2)(C)

COMES NOW Plaintiff Filisia Jackson and, pursuant to Fed. R. Civ. P. 26(a)(2)(C), identifies her treating physicians as expert witnesses. As treating physicians, they are not required to provide expert reports. However, pursuant to Fed. R. Civ. P. 26(a)(2)(C), the subject matter of their expert testimony, and a summary of the facts and opinions on which they are expected to testify, are set forth below:

1

## **TRAVIS LANGLEY, MD – Northside Radiology Associates**

**I.   Subject Matters of Expert Testimony**

Travis Langley, MD will testify to the following subject matters:

(a) His review of radiology reports for Ms. Jackson, including, but not limited to, the neck and back following the incident;

(b) His medical opinion as to the medical causation of Ms. Jackson's injuries based on his impressions and observations through his treatment of Ms. Jackson;

(c) His medical opinion as to Ms. Jackson's need for follow up treatment based on his impressions and observations through his treatment of Ms. Jackson;

(d) His medical opinion as to Ms. Jackson's potential need for future medical care based on his impressions and observations through his treatment of Ms. Jackson;

(e) His medical opinion as to the medical necessity of the care provided to Ms. Jackson based on his impressions and observations through his treatment of Ms. Jackson;

(f) His opinion as to the reasonableness of his charges for the medical care administered.

## II. Summary of Facts & Opinions on Which Dr. Langley is Expected to Testify

Plaintiff intends to call Dr. Langley, a treating provider, to testify regarding their examination, diagnosis, treatment, and prognosis of Plaintiff, as well as the cause of Plaintiff's injuries. The opinions that are held by such providers, and the bases therefore, of which Plaintiff is currently aware are contained in the medical records provided in response to Defendant's request for production and are incorporated by reference as if fully set forth herein. Plaintiff further states that he anticipates Travis Langley, MD will testify that within a reasonable degree of medical certainty, Plaintiff's radiology films indicated acute changes that were more likely than not caused by the fall at issue. This information is largely contained in the medical records provided during discovery in this action. He will rely upon his personal treatment of Plaintiff, his review of her medical history, the facts of the collision at issue, and his medical knowledge and expertise. He is a treating physician, and a formal expert report is not required.

### PATRICK DATOC, MD – Northside Radiology Associates

## I. Subject Matters of Expert Testimony

Patrick Datoc, MD will testify to the following subject matters:

(a) His review of radiology reports for Ms. Jackson, including, but not limited to, the right knee following the incident;

(b) His medical opinion as to the medical causation of Ms. Jackson's injuries based on his impressions and observations through his treatment of Ms. Jackson;

(c) His medical opinion as to Ms. Jackson's need for follow up treatment based on his impressions and observations through his treatment of Ms. Jackson;

(d) His medical opinion as to Ms. Jackson's potential need for future medical care based on his impressions and observations through his treatment of Ms. Jackson;

(e) His medical opinion as to the medical necessity of the care provided to Ms. Jackson based on his impressions and observations through his treatment of Ms. Jackson;

(f) His opinion as to the reasonableness of his charges for the medical care administered.

## II. Summary of Facts & Opinions on Which Dr. Datoc is Expected to Testify

Plaintiff intends to call Patrick Datoc, a treating provider, to testify regarding their examination, diagnosis, treatment, and prognosis of Plaintiff, as well as the cause of Plaintiff's injuries. The opinions that are held by such providers, and the bases therefore, of which Plaintiff is currently aware are contained in the medical records provided in response to Defendant's request for production and are

incorporated by reference as if fully set forth herein. Plaintiff further states that he anticipates Patrick Datoc, MD will testify that within a reasonable degree of medical certainty, Plaintiff's radiology films indicated acute changes that were more likely than not caused by the fall at issue. This information is largely contained in the medical records provided during discovery in this action. He will rely upon his personal treatment of Plaintiff, his review of her medical history, the facts of the collision at issue, and his medical knowledge and expertise. He is a treating physician, and a formal expert report is not required.

### **HANY HELMI, MD – Ortho Sport & Spine**

**I.      Subject Matters of Expert Testimony**

Hany Helmi, MD will testify to the following subject matters:

(a) His treatment of Ms. Jackson, Ms. Jackson's diagnosis, and his review of Ms. Jackson's medical history;

(b) His medical opinion as to the medical causation of Ms. Jackson's injuries based on his impressions and observations through his treatment of Ms. Jackson;

(c) His medical opinion as to Ms. Jackson's need for follow up treatment based on his impressions and observations through his treatment of Ms. Jackson;

(d) His medical opinion as to Ms. Jackson's potential need for future medical care;

(e) His medical opinion as to the medical necessity of the care provided to Ms. Jackson;

(f) His medical opinion that the cervical, shoulder, right knee, and lumbar injuries resulted from the fall at issue based on his impressions and observations through his treatment of Ms. Jackson;

(g) His opinion as to the reasonableness of his charges for the medical care administered.

## II. Summary of Facts & Opinions on Which Dr. Helmi is Expected to Testify

Plaintiff intends to call Dr. Helmi, a treating provider, to testify regarding their examination, diagnosis, treatment, and prognosis of Plaintiff, as well as the cause of Plaintiff's injuries based on his impressions and observations through his treatment of Ms. Jackson. The opinions that are held by such providers, and the bases therefore, of which Plaintiff is currently aware are contained in the medical records provided in response to Defendant's request for production and are incorporated by reference as if fully set forth herein. Plaintiff further states that she anticipates Dr. Helmi will testify that within a reasonable degree of medical certainty, Plaintiff's injuries were caused by the fall at issue. This information is largely contained in the

medical records provided during discovery in this action. He will rely upon her personal treatment of Plaintiff, her review of her medical history, the facts of the fall at issue, and her medical knowledge and expertise. He is a treating physician, and a formal expert report is not required.

### RODERICA COTTRELL, MD – Ortho Sport & Spine

**I.     Subject Matters of Expert Testimony**

Roderica Cottell, MD will testify to the following subject matters:

(a)     Her treatment of Ms. Jackson, Ms. Jackson's diagnosis, and her review of Ms. Jackson's medical history;

(b)     Her medical opinion as to the medical causation of Ms. Jackson's injuries based on her impressions and observations through her treatment of Ms. Jackson;

(c)     Her medical opinion as to Ms. Jackson's need for follow up treatment based on her impressions and observations through her treatment of Ms. Jackson;

(d)     Her medical opinion as to Ms. Jackson's potential need for future medical care;

(e)     Her medical opinion as to the medical necessity of the care provided to Ms. Jackson;

(f)     Her medical opinion that the cervical, shoulder, right knee, and lumbar injuries resulted from the fall at issue based on her impressions and observations through her treatment of Ms. Jackson;

(g)     Her opinion as to the reasonableness of his charges for the medical care administered.

## II.     Summary of Facts & Opinions on Which Dr. Cottrell is Expected to Testify

Plaintiff intends to call Dr. Cottrell, a treating provider, to testify regarding their examination, diagnosis, treatment, and prognosis of Plaintiff, as well as the cause of Plaintiff's injuries.  The opinions that are held by such providers, and the bases therefore, of which Plaintiff is currently aware are contained in the medical records provided in response to Defendant's request for production and are incorporated by reference as if fully set forth herein.  Plaintiff further states that she anticipates Roderica Cottrell, MD will testify that within a reasonable degree of medical certainty, Plaintiff's injuries were caused by the fall at issue. This information is largely contained in the medical records provided during discovery in this action. She will rely upon her personal treatment of Plaintiff, her review of her medical history, the facts of the fall at issue, and her medical knowledge and expertise. She is a treating physician, and a formal expert report is not required.

Defendants are and have been aware that the foregoing physicians are Plaintiff's treating physicians and have had the right to depose them.

This 15th day of October, 2024.

                                           */s/ Shellea D. Crochet*
                                           Shellea D. Crochet
                                           Georgia Bar No.: 735805
                                           Attorney for Plaintiff

MORGAN & MORGAN ATLANTA, PLLC
191 Peachtree Street, NE, Suite 4200
P.O. Box 57007
Atlanta, Georgia 30343
Tel: (404) 965-1960
Fax: (404) 965-8812
scrochet@forthepeople.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this day I filed the foregoing 26(f) Disclosure with the Clerk of Court via Pacer electronic filing system which will provide notice of same to all counsel of record.

WICKER SMITH O'HARA MCCOY & FORD, P.A.
Joseph P. Menello, Esq.
Asher W. Lipsett, Esq.
3414 Peachtree Road NE, Suite 960
Atlanta, Georgia 30326
jmenello@wickersmith.com
alipsett@wickersmith.com
AtlCrtPleadings@wickersmith.com

This 15th day of October, 2024.

                                                            */s/ Shellea D. Crochet*
                                                            Shellea D. Crochet
                                                            Georgia Bar No.: 735805
                                                            Attorney for Plaintiff

MORGAN & MORGAN ATLANTA, PLLC
191 Peachtree St, NE, Suite 4200
Atlanta, GA 30303
scrochet@forthepeople.com
(404) 965-1960