IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| FILISIA JACKSON,<br><br>    Plaintiff,<br><br>    v.<br><br>PUBLIX SUPERMARKETS, INC.,<br><br>    Defendant. | CIVIL ACTION FILE<br>NO. 1:23-CV-1467-TWT |

**OPINION AND ORDER**

This is a personal injury action. It is before the Court on the Plaintiff's Motion for Leave to Disclose Treating Physician [Doc. 45], Defendant's Motion for Summary Judgment [Doc. 47], and Defendant's Motion to Strike Plaintiff's Proposed Treating Expert Witness Disclosure [Doc. 57]. As explained below, the Plaintiff Motion for Leave [Doc. 45] is GRANTED, Defendant's Motion for Summary Judgment [Doc. 47] is DENIED, and Defendant's Motion to Strike [Doc. 57] is DENIED.

### I.   Background[1]

This case involves a slip-and-fall that occurred at a Publix store in Lithonia, Georgia. On September 25, 2022, Plaintiff Filisia Jackson was

---

[1] The operative facts on the Motion for Summary Judgment are taken from the parties' Statements of Undisputed Material Facts and the responses thereto. The Court will deem the parties' factual assertions, where supported by evidentiary citations, admitted unless the respondent makes a proper objection under Local Rule 56.1(B).

T:\ORDERS\23\Jackson\23cv1467\msjtwt.docx

walking near the seafood section inside Defendant Publix Supermarkets Inc.'s store. (Def.'s Statement of Material Facts ¶¶ 1-2). At approximately 16:22:18, the Plaintiff slipped and fell to the floor. (*Id.* ¶ 3). There was no warning or wet floor sign in or around the area where the Plaintiff fell at the time she fell. (Pl.'s Additional Statement of Material Facts, Doc. 51, ¶ 40[2]). The Plaintiff did not notice any liquid on the floor as she approached the area where she fell. (*Id.* ¶ 9). There was a mat on the floor in the area that was used to wipe off debris and to avoid the floor getting wet. (*Id.* ¶ 47, 50). Approximately thirteen minutes before the Plaintiff fell, a Publix employee walked through the area where the Plaintiff fell and wiped it with some form of duster or dry mop. (*Id.* ¶ 20; Publix Store Footage Video 1, at 16:09:17-16:09:27).

After her slip, the Plaintiff saw clear fluid on the floor. (Def.'s Statement of Material Facts ¶ 4). She did not see a trail of liquid anywhere, did not see a source of the liquid, and did not know if the liquid grew from any leak. (*Id.* ¶ 26). The Plaintiff stated in her deposition that after her fall, an African-American female employee—whom the Defendant has identified as Raynell Jackson—was behind the meat counter, asked if the Plaintiff was alright, made a comment that the cooler was leaking and should have been

---

[2] The Plaintiff's Statement of Additional Material Facts are in the same document as her responses to the Defendant's Statement of Material Facts. [Doc. 51]. She also does not restart the counting of her paragraphs, so her first paragraph is enumerated as Paragraph 38 instead of Paragraph 1. The Court will cite to the paragraphs as they appear in the document.

2

fixed, and called for a manager. (*Id.* ¶¶ 22, 27; Filisia Jackson Dep., Doc. 47-3, at 79:11-80:2). The Plaintiff filed suit in the State Court of DeKalb County alleging that she was injured by the Defendant's negligent maintenance of its premises. The Defendant removed the action to this Court and now is moving for summary judgment.

## II.     Legal Standard

Summary judgment is appropriate only when the pleadings, depositions, and affidavits submitted by the parties show that no genuine issue of material fact exists, and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a), (c). The court should view the evidence and draw any inferences in the light most favorable to the nonmovant. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970). The party seeking summary judgment must first identify grounds that show the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). The burden then shifts to the nonmovant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact exists. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986).

## III.    Discussion

The Court starts by considering whether summary judgment is appropriate in this case and then addresses the disclosure of the treating physicians.

A. Summary Judgment

"[I]t is well established that a proprietor has a statutory duty to exercise ordinary care to keep its premises safe." *River Place at Port Royal Condo. Ass'n, Inc. v. Sapp*, 358 Ga. App. 632, 634 (2021) (citing O.C.G.A. § 51-3-1). To recover damages for violations of that duty, "an invitee must prove (1) that the defendant had actual or constructive knowledge of the hazard; and (2) that the plaintiff lacked knowledge of the hazard despite the exercise of ordinary care due to actions or conditions within the control of the owner/occupier." *Id.* at 634-35 (quotation marks and citation omitted). In other words, "the true basis of a property owner's liability for an injury to its invitee is the owner's superior knowledge of a condition that may expose the invitees to an unreasonable risk of harm." *Williams v. Johnson*, 344 Ga. App. 311, 315 (2018) (quotation marks, citation, and emphasis omitted). The Defendant argues that there is insufficient evidence that it had superior knowledge; the Plaintiff asserts that there is evidence that the Defendant had both actual and constructive knowledge of the hazard and that the Plaintiff had no such knowledge. (Def.'s Br. in Supp. of Mot. for Summ. J., at 2, 5-6; Pl.'s Br. in Opp'n to Mot. for Summ. J., at 1-2, 5). The Defendant does not argue that the Plaintiff had any knowledge of the hazard or that she did not exercise ordinary care. The Court thus focuses on whether the Defendant had actual or constructive knowledge of the hazard prior to the Plaintiff's fall.

Starting with actual knowledge, the Plaintiff contends that the Defendant had actual knowledge of two hazards in the area where the Plaintiff fell: a leak from a cooler and a wet mat. (Pl.'s Br. in Opp'n to Mot. for Summ. J., at 5-6). The Defendant responds to this contention by first arguing that asserting two different hazards amounts to speculation as to causation and warrants summary judgment on that ground. (Reply Br. in Supp. of Mot. for Summ. J., at 2-3). However, the cases on which the Defendant relies for that proposition are distinguishable. In *Pandya v. Marriott Hotel Servs., Inc.*, 552 F. Supp. 3d 1364 (N.D. Ga. 2021), the plaintiffs had maintained throughout the litigation that "as Mr. Pandya entered the hotel, the rollator walker wheels slipped on water." *Id.* at 1380. Then, "[c]ontrary to the theory that the walker wheels slipped on water, [the plaintiff's expert] theorize[d] that the threshold or doorstop 'could have caused' a walker wheel to 'abruptly stop.'" *Id.* Consequently, the plaintiffs asserted "that the water 'and/or' the threshold caused Mr. Pandya's fall." *Id.* The court granted summary judgment after holding that "[i]n asserting two different theories as to which alleged hazard (or combination thereof) caused the fall, Plaintiffs only speculate as to causation." *Id.* Similarly, in *Shadburn v. Whitlow*, 243 Ga. App. 555, 555 (2000), the court granted summary judgment after finding that the plaintiff merely speculated that loose carpeting caused one woman to fall down a staircase onto two others. There, all of the women testified that they were not

5

certain about the cause of the fall and one of them averred that the woman who initially fell may have been inebriated. *Id.*

In both of those cases, there was speculation about what caused the fall: water versus the door's threshold; a loose carpet versus an inebriated individual.[3] The present case is different because the Plaintiffs have a single theory about what caused her to fall: clear liquid on the floor. The question of where that liquid came from may be relevant to a jury's determination of whether the Defendant knew or should have known about the hazard, but the Defendant provides no authority that supports granting summary judgment just because the Plaintiff acknowledges that the hazard (i.e., the liquid on the floor) may have had different sources.

The Court thus turns to whether the Defendant had actual knowledge of a leaking cooler. The Plaintiff testified in her deposition that after her fall an employee in the meat department asked if she was okay, told her, "[t]he cooler was leaking and it should have been fixed," and then called for a manager. (Filisia Jackson Dep. 79:17-18, 79:22-80:2). The Defendant in

---

[3] *Pennington v. WJL, Inc.*, 263 Ga. App. 758, 261-62 (2003)—a third case cited by the Defendant—did not involve competing explanations by the plaintiff. Instead, the plaintiff simply said that he recalled "the feeling of falling" and that he "may have stumbled on the hoses going towards the door." *Id.* at 262. He had no memory of his feet striking anything and stated that he was not sure whether he had tripped on something. *Id.* The Court therefore ruled that he did not have evidence of causation. By contrast, here there is no dispute that the Plaintiff slipped on something. (Def.'s Statement of Material Fact ¶ 3).

response points to statements from Raynell Jackson—whom the Defendant has identified as being the employee in the meat department at the time—in which she denied knowing about a leak or talking to the Plaintiff on the day of the incident or afterwards. (Raynell Jackson Dep. 10:22-25; 21:3-15). Deciding whose description of the event is accurate would require this Court to make credibility determinations not fit for a motion for summary judgment. *See Stewart v. Booker T. Washington Ins.*, 232 F.3d 844, 848 (11th Cir. 2000) (explaining that on a motion for summary judgment, "the court must avoid weighing conflicting evidence or making credibility determinations." (citation omitted)).

Perhaps recognizing that, the Defendant also points to the store video, which it says "confirms that Raynell Jackson and the Plaintiff never speak to one another." (Reply Br. in Supp. of Mot. for Summ. J., at 4). The Court does not agree that the video contradicts the Plaintiff's account. Approximately seven minutes after she fell, the video depicts the Plaintiff waiting in the area around where she fell. (Publix Store Footage Video 2, at 16:28:57-16:29:07). She then walks up to the meat counter, has a conversation with the person behind the meat counter, and then walks back to where she was standing before the conversation. (Publix Store Footage Video 2, at 16:29:07-16:29:46). The video does not have audio, so by itself it neither corroborates nor contradicts that the employee said to the Plaintiff that the cooler was leaking.

7

Accordingly, there is a fact issue as to whether one of Defendant's employees told the Plaintiff that the cooler was leaking.

Given that that there was a clear liquid on the floor in front of the cooler where the Plaintiff fell and that one of the Defendant's employees recently wiped the area, if a jury were to accept that the employee behind the meat counter stated that the cooler was leaking and should have been fixed then that jury could reasonably conclude that the leaking cooler caused the clear liquid to be on the floor, that the Defendant actually knew about the hazard, and that the Defendant failed to take reasonable care to fix the cooler or warn customers about the slip hazard. Accordingly, the Court finds that there is a genuine issue of material fact and that summary judgment is improper.

### B. Disclosure of Treating Physicians

The Plaintiff seeks leave to disclose the treating physicians and has separately filed Proposed Treating Expert Disclosures [Doc. 56] with the Court. The Defendant opposes granting leave and moves to strike the proposed disclosures. The Court will permit disclosure.

Rule 26 states that "a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." Fed. R. Civ. P. 26(a)(2)(A). Under Rule 37, "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to

8

supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). It is undisputed that the Plaintiff has failed to timely disclose her treating physicians under Rule 26(a).

The only question is whether that failure "was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). "[S]ubstantial justification is shown where reasonable people could differ as the appropriateness of the contested action." *Martin v. Wal-Mart Stores East, LP.*, 2020 WL 5949222, at *3 (S.D. Ga. Oct. 7, 2020) (quotation marks and citation omitted). As for harmlessness, judges in this district have applied the following five factors:

> (1) the surprise to the party against whom the evidence would be offered;
> (2) the ability of that party to cure the surprise;
> (3) the extent to which allowing the evidence would disrupt the trial;
> (4) the importance of the evidence; and
> (5) the nondisclosing party's explanation for its failure to disclose the evidence.

*Patrick v. Henry Cnty.*, 2016 WL 2961103, at *3 (N.D. Ga. May 23, 2016) (citation omitted). "The burden of establishing that a failure to disclose was substantially justified or harmless rests on the nondisclosing party." *Mitchell v. Ford Motor Co.*, 318 F. App'x 821, 824 (11th Cir. 2009) (citation omitted).

The Plaintiff's counsel's explanation for the failure to timely disclose the treating physicians is that counsel "regretfully and inadvertently mis-calendared and missed the deadline." (Pl.'s Br. in Supp. of Mot. for Leave

9

to Disclose, at 2). In light of the fact that the Plaintiff's counsel offers nothing more than their own carelessness and that counsel did not seek to remedy this error for nearly two months, the Court cannot find that this failure was substantially justified.

However, considering the five factors above, the Court finds that the oversight is harmless. The Defendant cannot credibly argue that it is surprised that the Plaintiff is seeking to offer the testimony of her treating physicians in a personal injury case, especially given the fact that the Plaintiff produced all medical records and disclosed all facilities in which physicians provided treatment.[4] Nor can the importance of such evidence be gainsaid in this case. Moreover, no explanation has been offered as to how allowing this evidence would disrupt trial. As for curing any harm that might be incurred by the late disclosure, the Court will give the Defendant ninety (90) days from the date of this Order to depose the treating physicians and to retain and disclose experts to rebut the testimony of the treating physicians. While the Plaintiff's counsel's

---

[4] The Defendant does not contest at this time the fact that the Plaintiff disclosed all the medical records and facilities. Instead, the Defendant argues that doing so does not relieve the Plaintiff of her duty to disclose a summary of the expert's facts and opinions. (Def.'s Br. in Opp'n to Mot. for Leave to Disclose, at 2-3). The Court agrees. See Ables-Thomas v. MV Cont. Transp., Inc., 2020 WL 10485727, at *3 (N.D. Ga. Dec. 21, 2020) ("Plaintiff is not relieved from her duty to disclose a summary of her experts' facts and opinions under Rule 26(a)(2)(C) merely because Defendant has access to her medical records." (citations omitted)). That is the reason why the Rule 37(c)(1) analysis is necessary. Yet, the fact that she did disclose all of that information does limit the surprise that the Defendant can claim to have.

paltry explanation for the failure to disclose cuts strongly against granting leave to disclose, all the other factors favor disclosure to a degree sufficient for the Court to allow leave in this case. The Court will therefore grant the Plaintiff's Motion for Leave to Disclose and deny the Defendant's Motion to Strike the Proposed Disclosure.

### IV.  Conclusion

For the reasons set forth above, the Plaintiff Motion for Leave [Doc. 45] is GRANTED, Defendant's Motion for Summary Judgment [Doc. 47] is DENIED, and Defendant's Motion to Strike [Doc. 57] is DENIED. Accordingly, the Plaintiff's Proposed Treating Expert Disclosures [Doc. 56] are deemed operative. The Defendant is permitted to depose the Plaintiff's treating physicians and to retain and disclose rebutting experts within ninety (90) days of the date of this Order.

SO ORDERED, this ___13th___ day of December, 2024.

THOMAS W. THRASH, JR.
United States District Judge